OPINION OF THE COURT
Burton S. Sherman, J.
Defendants, Consolidated Rail Corporation (Conrail) and the Atchison, Topeka and Santa Fe Railway Company (AT & SF), move for partial summary judgment dismissing the plaintiff’s second and fifth causes of action.
The plaintiff’s second and fifth causes of action seek money damages for two separate shipments of grapes which allegedly became spoiled on the defendants’ railroads while in transit from California to Niagara Falls, New York. The defendant AT & SF was the origin rail carrier and the defendant Conrail the delivering carrier.
The second cause of action alleges that the plaintiff (con *950 signee), a wine grape retailer, ordered grapes from Sandrini Bros, (consignor), a California grape wholesaler, on October 2, 1980 and that the grapes arrived in New York State on October 13, 1980. The fifth cause of action alleges that the grapes were ordered on September 23, 1980 and arrived on October 3, 1980. This action was commenced against Conrail on or about January 27, 1982 and against AT & SF on or about February 18, 1982.
The defendants’ motion to dismiss maintains that venue of this action can only be laid in California and that the second and fifth causes of action are barred by the Statute of Limitations. The defendants are relying upon provisions of the uniform contract for transportation of exempt agricultural commodities (Uniform Contract) entered into between the AT & SF and the consignor, Sandrini Bros., the seller of the grapes to the plaintiff. This contract has a venue clause limiting venue in any civil action for loss or damage to goods to California (or the State of the origin of shipment — which in this case is also California). In addition, the contract also has a Statute of Limitations provision shortening the period in which to bring such a suit to one year from the delivery date.
The effective date of the contract in this action is of importance. Prior to October 1, 1980, the transportation by rail of fresh fruits and vegetables were exempt by the Interstate Commerce Commission from the Interstate Commerce Act. Under the Staggers Rail Act (49 USC § 10101 et seq.), which became effective on October 1, 1980, the rail carrier is obligated to provide contractual terms consistent with the Staggers Act. Pursuant to the Staggers Act, the plaintiff is given several choices as to where he may commence his suit (49 USC § 11707 [d] [2] [A]) and the period in which such action may be brought is two years from the date that the carrier gives written notice that it is disallowing any part of a filed claim (49 USC § 11707 [e]).
The defendants allege that the effective date of the contract, with respect to plaintiff’s second cause of action, was on September 25, 1980 when Sandrini Bros, made a verbal equipment order for a railroad car for loading at its facility. The law is clear that a consignor is the consignee’s agent for purpose of shipping. There is no question that Sandrini Bros, had authority to ship the grapes to the plaintiff and therefore is deemed to be the plaintiff’s agent. While it is unclear the date that the Uniform Contract was entered into, the contract at issue is the shipping order and receipt for transportation of *951 exempt agriculture commodities (SOAR) which is dated October 2, 1980. The Uniform Contract is incorporated by reference in the SOAR. (See, Fruitco Corp. v Consolidated Rail Corp., 118 Misc 2d 1090, 1092.) The consignor, in this case, could not have acted as plaintiffs agent until October 2, 1980 when the plaintiff first ordered the grapes which is the subject of this cause of action. Accordingly, this court finds the venue and Statute of Limitations clauses of the Uniform Contract with respect to the plaintiffs second cause of action are unenforceable since they are inconsistent with the provisions of the Staggers Act. Therefore, New York is a proper place of venue and the action is timely pursuant to the Staggers Act. The motion for summary judgment dismissing the plaintiffs second cause of action is denied.
With respect to plaintiffs fifth cause of action, there is no dispute that it is pre-Staggers. This court finds the venue clause of the Uniform Contract is valid. This venue clause is not against public policy as there exist rational bases for venue being in California. The shipment originated in California and the contract was entered into in California. There is also no allegation that plaintiff would have been unable to obtain an impartial trial in California. (See, The Bremen v Zapata Off-Shore Co., 407 US 1.) This court also finds the contract clause shortening the period of limitations is valid as the prescribed period is reasonable. Accordingly, the defendants’ motion for summary judgment is granted and the plaintiffs fifth cause of action is dismissed.
(On Reargument, September 4, 1985)
The defendants’ motion for leave to reargue is granted and the prior decision of this court is recalled only to the extent such decision might have erroneously inferred that under the Staggers Rail Act (49 USC § 10101 et seq.), the rail carrier is obligated to provide only contactual terms consistent with the Staggers Act. The Staggers Act while obligating rail carriers to offer contractual terms consistent with the Staggers Act also permits them to offer alternative terms.
The change of such language does not alter this court’s prior determination which is otherwise adhered to.
The cross motion by plaintiff for an order severing his third and fourth causes of action of his complaint from his second cause of action is allowed to be withdrawn.